IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

| | |
|---|---|
| TRIPLE R RANCH, LLC and ERIC HEDRICK, <br><br> Plaintiffs, <br><br> vs. <br><br> PILGRIM'S PRIDE CORPORATION, <br><br> Defendant. | § § § § § § § § § § § § § <br><br> CA No. 2:18-cv-109 (Bailey) |

## **DEFENDANT'S MOTION TO DISMISS**

Defendant Pilgrim's Pride Corporation ("Pilgrim's") moves this Court, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), for an order dismissing Plaintiffs Triple R Ranch, LLC's and Eric Hedrick's Complaint (ECF 1). In support of Pilgrim's Motion to Dismiss, Pilgrim's states the following:

1. Plaintiffs Triple R Ranch, LLC ("Triple R") and Eric Hedrick (collectively, "Plaintiffs") allege six causes of action against Pilgrim's: (1) breach of contract; (2) violation of the duty of good faith and fair dealing; (3) negligent misrepresentation; (4) fraud; (5) violation of the Agricultural Fair Practices Act ("AFPA"); and (6) violation of 7 U.S.C. § 192(a) and (b) of the Packers and Stockyards Act, 1921 ("PSA").

2. Each of Plaintiff Hedrick's claims are barred because he lacks standing to bring a private right of action against Pilgrim's because Pilgrim's contracted with Plaintiff Triple R, as opposed to Plaintiff Hedrick, and the complained of acts relate to Plaintiff Triple R's broiler raising operation. Thus, the purported resulting damages were allegedly incurred by Plaintiff Triple R alone.

1

3. Even if Plaintiff Hedrick had standing to sue Pilgrim's on the claims asserted, which he does not, Plaintiffs' breach of contract action alleging Pilgrim's "unlawfully terminated the poultry growing arrangement" is precluded because the contemporaneous correspondence between the parties shows Plaintiffs, not Pilgrim's, terminated the contract, known as a Broiler Production Agreement ("BPA"), on October 3, 2016, and instructed Pilgrim's not to deliver more chicks to Triple R.

4. The good faith and fair dealing claim fails because it is not a stand-alone claim and cannot be predicated on Plaintiffs' purported breach of contract claim because that claim fails as a matter of law.

5. The AFPA, negligent misrepresentation, and fraud claims fail because they are barred by the applicable two-year statute of limitations.

6. To the extent Pilgrim's made negligent or intentionally false representations within the limitations period, Plaintiffs' claims are still barred for, among other things, failure to plead them with particularity and for lack of justifiable reliance.

7. The PSA claims are precluded because Plaintiffs fail to show Pilgrim's unilateral conduct harmed competition.[1]

8. The PSA claims are barred by the applicable four-year statute of limitations.

9. The PSA claims are barred by a release in the BPA.

10. Plaintiffs' allegations do not give rise to a violation of the PSA.

11. Plaintiffs cannot recover their attorney fees under the PSA.

---

[1] To the extent the Court maintains that Plaintiffs are not required to plead harm to competition under PSA § 192(a) and (b), Pilgrim's requests the Court to make certain findings so that Pilgrim's may file a petition for interlocutory review with the United States Fourth Circuit Court of Appeals under 28 U.S.C. § 1292(b).

12. In support of this Motion to Dismiss, Pilgrim's incorporates its Memorandum of Law in Support filed contemporaneously hereto.

13. In further support of this Motion to Dismiss, Pilgrim's incorporates Exhibits "A," "B," "C," and "D" attached hereto. The Court may rely on this extrinsic evidence because the documents are central to Plaintiffs' claims and referred to in the Complaint. These documents prevail over Plaintiffs' conflicting conclusory allegations.

WHEREFORE, Pilgrim's requests Plaintiffs' Complaint be dismissed with prejudice, that Pilgrim's be awarded its costs and expenses in the defense of this matter, and such other and further relief that Pilgrim's may be entitled at law and/or equity.

Dated: February 8, 2019.

For all the reasons discussed herein, Pilgrim's requests each and every cause of action alleged in Plaintiffs' Complaint be dismissed with prejudice.

Respectfully submitted,

/s/ *Peter G. Zurbuch*
Peter G. Zurbuch
WV State Bar # 5765
BUSCH, ZURBUCH & THOMPSON, PLLC
P.O. Box 1819
Elkins, WV 26241
Tel: (304) 636-3560
Fax: (304) 636-2290
Email: pzurbuch@bztlaw.com

—And—

Clayton E. Bailey
(Admitted *Pro Hac Vice*)
Benjamin L. Stewart
(Admitted *Pro Hac Vice*)
BAILEY BRAUER PLLC
Campbell Centre I
8350 N. Central Expressway, Suite 206
Dallas, Texas 75206
Tel: (214) 360-7433
Fax: (214) 360-7435
Email: cbailey@baileybrauer.com
         bstewart@baileybrauer.com

**ATTORNEYS FOR DEFENDANT
PILGRIM'S PRIDE CORPORATION**

4

## **CERTIFICATE OF SERVICE**

     The undersigned certifies that the foregoing document was filed electronically in compliance with LR Gen P 5.06(b) on February 8, 2019. As such, this document was served on all counsel of record who are deemed to have consented to electronic service as follows:

| | |
|---|---|
| Jack A. Kolar, Esq. | J. Dudley Butler, Esq. |
| Karen J. Gray, Esq. | Butler Farm & Ranch Law Group, PLLC |
| Amanda Hitt, Esq. | 499-A Breakwater Drive |
| Government Accountability Project, Inc. | Benton, MS 39039 |
| 1612 K Street, NW | |
| Suite 1100 | |
| Washington, D.C. 20006 | |

Keith Lively, Esq.
Doyle, Barlow & Mazard PLLC
1010 Temple Street
Hinton, WV 25951

                                         */s/ Peter G. Zurbuch*