IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

| | | |
|---|---|---|
| TRIPLE R RANCH, LLC and | § | |
| ERIC HEDRICK, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CA No. 2:18-cv-109 (Bailey) |
| vs. | § | |
| | § | |
| PILGRIM'S PRIDE CORPORATION | § | |
| | § | |
| Defendant | § | |

DEFENDANT'S MOTION TO ENTER PROTECTIVE ORDER & MEMORANDUM IN
OPPOSITION TO PLAINTIFFS' MOTION TO ENTER PROTECTIVE ORDER

Subject to its Motion to Dismiss and Motion to Stay of Discovery Pending Resolution of

Its Motion to Dismiss (ECF 19, 19-5, 27, & 30), Defendant Pilgrim's Pride Corporation

("Pilgrim's") files this Motion to Enter Protective Order & Memorandum in Opposition to

Plaintiffs' Motion to Enter Protective Order (ECF 29), and states as follows:

1.      The parties do not dispute that the Court should enter a protective order to protect

the parties' exchange of proprietary and confidential information and trade secrets during the

discovery process. The question for the Court is which competing protective order should be

entered.

2.      Pilgrim's proposed protective order attached hereto as Exhibit A ("Protective

Order") mirrors the protective order entered by this Court in *M&M Poultry, Inc. v. Pilgrim's Pride*

*Corp.*, 2:15-cv-00032-JPB (ECF 55 & 56.)  The protective order in *M&M Poultry* was negotiated

and agreed to by members of Plaintiffs' current counsel, J. Dudley Butler and Keith Lively, and

members of Pilgrim's current counsel, Clayton Bailey and Benjamin Stewart.  There can be no

dispute that the protective order used in *M&M Poultry* worked well and the parties never raised a

dispute relating to its requirements or their performance thereunder.  It also expedited the production of discovery from third-parties, such as M&M Poultry's banker who provided highly confidential information relating to M&M Poultry's loans and finances that were admitted during the bench trial and relied on by the Court in entering its findings of facts and conclusions of law. *See M&M Poultry, Inc. v. Pilgrim's Pride Corp.*, 281 F. Supp. 3d 610, 616 & 621 (N.D. W.Va. 2017).  Further, the protective order in *M&M Poultry* successfully balanced the public's interests in a transparent judicial process while also minimizing any harm to a producing party from the disclosure of confidential and proprietary information and trade secrets during the discovery process.

3.      Accordingly, Pilgrim's requests the Court to enter the proposed Protective Order submitted by Pilgrim's.

4.      The hang-up with the parties in this case presenting a proposed agreed protective order as in *M&M Poultry* stems from the appearance of Plaintiffs' new additional counsel—the Government Accountability Project, Inc. ("GAP"), a Washington D.C. based non-profit entity organized to, among other things, disseminate information GAP believes is within the public interest.  According to GAP, the "overarching problem" with Pilgrim's proposed Protective Order is that it "errs to far on the side of suppressing information."

5.      Based on recent public information, what really appears to be going on is that GAP wants to use this case to divulge information to harm Pilgrim's.  During an interview of GAP attorney Amanda Hitt regarding this case on Heritage Radio Network, which aired on January 14, 2019, Ms. Hitt stated GAP is funding Plaintiffs' prosecution of this lawsuit.[1]  Ms. Hitt also

---

[1]      https://player.fm/series/what-doesnt-kill-you-1402026/episode-274-poultry-grower-eric-hedrick-gets-his-day-in-court at approximately 14:20-16:24.

described herself as a "rebel" who is "angry at everybody" and an "activist type" who is "stealing

fire from the Gods" and "bringing inside information" and giving it "to the masses."[2]  Furthermore,

in discussing allegations in paragraph 43 of the Complaint,[3] attorney Hitt recklessly and falsely

asserted Pilgrim's injects fecal water into the broilers raised in the Moorefield, West Virginia

complex[4] where Triple R previously operated before Triple R terminated its Broiler Production

Agreement with Pilgrim's on October 3, 2016, and instructed Pilgrim's to cease delivering chicks

to its poultry houses.  (ECF 19-2.)

      6.      Because of GAP's and its counsel's agendas, Plaintiffs object to using the same protective

order as used in *M&M Poultry* because they want to disseminate information obtained in this case

to others.  Consequently, Plaintiffs, filed a competing proposed protective order on Monday,

March 25, 2019.  (*See* ECF 29.)

      7.      Wrapping themselves in the flag, Plaintiffs argue their proposed protective order is

more consistent with the First Amendment's interest in the public's right to access to court records.

*(See* ECF 29 at 2.)  But Plaintiffs fail to acknowledge that the presumption of the public's right to

court records can be rebutted if countervailing interests heavily outweigh the public interests in

access.  *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004).

---

[2]     *Id.* at approximately 32:50 through 33:50.

[3]     Paragraph 43 states, "In 2014, PPC dictated to Plaintiffs that PPC had decided to reduce the weight of the chickens Plaintiffs were required to grow from 4 pound birds to 3.75 birds.  PPC told Hedrick that it had decided to have him grow a lighter bird.  PPC was in a position to earn the same revenues for the lighter birds because, on information and belief, PPC could add back the 0.40 difference in weight through water weight added to the bird, while Plaintiffs Hedrick and Triple R would receive lower pay for the lighter birds."  (ECF 1 ¶ 43.)

[4]     https://player.fm/series/what-doesnt-kill-you-1402026/episode-274-poultry-grower-eric-hedrick-gets-his-day-in-court at approximately 28:20 through 30:00.  In fact, if the Court listens to attorney Hitt's interview, the Court will discover that Ms. Hitt uses far more outrageous language to describe the water she falsely accuses Pilgrim's of purportedly injecting into the poultry in order to "fatten the birds."

Some of the factors to weigh include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage.  *Id.* (internal citation omitted).   Furthermore, Plaintiffs ignore that the "Supreme Court has held that 'where ... a protective order is entered on a showing of good cause as required by Rule 26(c), is limited to the context of pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources, it does not offend the First Amendment.'" *Springs v. Ally Fin. Inc.*, 684 F. App'x. 336, 337 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 221, 199 L. Ed. 2d 119 (2017) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37(1984)).

8.      There is no dispute between the parties that good cause exists for the entry of a protective order in this case.  Indeed, Plaintiffs previously tendered a proposed protective order for the Court's consideration.  (ECF 29-1 ("Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure may be warranted.").)

9.      There are numerous flaws with Plaintiffs' proposed protective order, which would take substantial time to address in this Motion.  Consequently, for purposes of brevity, the following graph highlights only some of the major flaws in Plaintiffs' proposed protective order. The following graph also explains why Pilgrim's proposed Protective Order should be entered in this case:

| Problems with Plaintiffs' proposed protective order (ECF 29-1) | Why Pilgrim's proposed Protective Order (Ex. A) should be entered |
|---|---|
| a.  Plaintiffs' proposed protective order does not provide for materials to be designated as "Confidential" or "Attorney's Eyes Only." (*See generally* ECF 29-1.) | a.  Pilgrim's proposed Protective Order affords the parties the right to designate information as either "Confidential" or "Attorney's Eyes Only."  (Ex. A, pp. 2-5, §§ 2-5.)   By providing for materials to be designated as "Attorney's Eyes Only," Pilgrim's sensitive information will be afforded heightened protection, particularly in this case where Plaintiffs are complaining about inputs they received from Pilgrim's, such as feed that necessarily involves Pilgrim's feed ingredients.  (*See, e.g.,* ECF 1 at ¶¶ 57-59.)  Pilgrim's contends that the ingredients used in its feed provide it with a competitive advantage in the market place. Further, Pilgrim's proposed Protective Order allows a party to challenge materials the producing party designates as "Confidential" or "Attorney's Eyes Only." (Ex. A, p. 6, ¶ 8.) Thus, if a party contends materials have been designated improperly, there is a mechanism |

| | |
|---|---|
| | for raising an objection.  Accordingly, the inclusion of an "Attorney's Eyes Only" paves a pathway for more efficient and expedited sharing of information while also including a safeguard against abuse. |
| b.  Plaintiffs' proposed protective order is unclear whether it affords protection automatically to third-parties who may be subpoenaed in this case to produce information.  (*See generally* ECF 29-1.) | b.  Pilgrim's proposed Protective Order includes a stand-alone provision automatically affording protection to third-parties to designate their responsive materials as "Confidential" or "Attorney's Eyes Only," if necessary.  (Ex. A, p. 10, § 19.)  This provision expedites discovery from third-parties (e.g., bankers, accountants, etc.) and avoids discovery disputes as to whether a third-party's information is confidential, proprietary, or a trade secret and thus deserves special protection. |

| | |
|---|---|
| c.  Plaintiffs' proposed protective order establishes unnecessary obstacles to a party designating deposition testimony as "Confidential" or "Attorney's Eyes Only." (ECF 29-1, pp. 6-7, § 5.2.b.)  For instance, a party must identify on the record before the close of the deposition all protected testimony or "invoke on the record (before the deposition or proceeding is concluded) a right to have up to fourteen (14) days to identify the specific portions of the testimony as to which protection is sought."  (*Id.*) | c.  Consistent with standard practice, Pilgrim's proposed Protective Order automatically affords a party the right to designate deposition testimony as "Confidential" or "Attorney's Eyes Only" within 14 calendar days *of receiving the deposition transcript*.  (Ex. A, pp. 3, § 3.)  This automatic right avoids any claim of waiver should a party forget to invoke the right before leaving a deposition.  And starting the time clock for asserting designations from the receipt of the deposition transcript is reasonable because court reporters do not necessarily produce a deposition transcript within 14 days of a deposition. |
| d.  Plaintiffs' proposed protective order allows Plaintiffs or a non-party to "challenge a designation of confidentiality at any time, *including after the litigation has ended*." (ECF 29-1, p. 8, § 6.l (emphasis added).) | d.  Pilgrim's proposed Protective Order requires a party to raise objections within 10 calendar days after receiving the alleged improperly designated information.  (Ex. A, p. 6, § 8.)  This provision avoids unnecessary costly and time-consuming motion practice and satellite litigation, which Plaintiffs' |

| | proposed protective order fosters, including after the conclusion of this case. |
|---|---|
| e.  In the event the Court does not strike Plaintiffs' jury demand, Plaintiffs' proposed protective order does *not* bar a party from notifying the jury that a protective order protecting the confidentiality of information has been entered in this case.  (*See generally* ECF 29-1.) | e.  In the event the Court does not strike Plaintiffs' jury demand, Pilgrim's proposed Protective Order expressly bars the parties from notifying the trier of fact about the existence of the protective order thereby avoiding the threat of confusing or prejudicing the jurors.  (*See* Ex. A, p. 2, § 1.) |
| f.  Plaintiffs' proposed protective order permits Plaintiffs to disclose information designated as "Confidential" or "Attorney's Eyes Only" to "[c]ounsel representing clients with present or future cases against *the same defendant*" after notifying Pilgrim's of Plaintiffs' intent to make such a disclosure to third-parties.  (ECF 29-1, p. 11, ¶ 7.2.k (emphasis added).) | f.  Pilgrim's proposed Protective Order does not include such a provision since it appears to be included for the purposes of Plaintiffs' counsel soliciting business, manufacturing additional litigation against Pilgrim's, or sharing information with other non-parties, which is inappropriate. |

8

| | |
|---|---|
| g.  Plaintiffs' proposed protective order permits Plaintiffs to disclose information designated as "Confidential" or "Attorney's Eyes Only" to any regulatory or law enforcement agency or government entity at any time for any reason *and without notice* to Pilgrim's.  (ECF 29-1, p. 11, § 7.3.) | g.  Pilgrim's proposed Protective Order does not include such a provision since it is inappropriate and gives rise to abuse.  (*See generally* Ex. A.) |
| h.  Plaintiffs' proposed protective order includes an unduly complicated mechanism for filing documents under seal that have been previously designated as "Confidential" or "Attorney's Eyes Only."  (ECF 29-1, pp. 13-14, § 10.)  Additionally, Plaintiffs' onerous and unnecessary proposed mechanism for filing documents under seal is inconsistent with the Court's local rules for filing documents under seal. (*Compare id. with* L.R.Gen.P. 6.01.) | h.  Pilgrim's proposed Protective Order includes a streamlined process for using documents designated "Confidential" or "Attorney's Eyes Only" in motion practice, which dovetails with the local rules governing the sealing of documents.  (*Compare* Ex. A, pp. 7-8, § 10 *with* L.R.Gen.P. 6.01.)  The mechanism for filing documents under seal in Pilgrim's proposed Protective Order also proved to be effective and efficient in the *M&M Poultry* case. |

| | |
|---|---|
| i.  Plaintiffs' proposed protective order expires 21 days after the termination of this litigation, at which time any and all protections afforded by the protective order will cease.  Further, Plaintiffs' proposed protective order does not require the receiving party to destroy or return to the producing party all information designated as "Confidential" or "Attorney's Eyes Only." (ECF 29-1, p. 4, § 4.) | i.  Pilgrim's proposed Protective Order states that any and all protections afforded thereunder shall continue in effect until expressly released by the party furnishing information designated as "Confidential" or "Attorney's Eyes Only." Further, the Protective Order requires the receiving party to return or destroy all "Confidential" or "Attorney's Eyes Only" information within 60 days of the final determination of this case. (Ex. A, pp. 8-9, §§ 13-14.) |

10. No party will be prejudiced by the Court entering Pilgrim's proposed Protective Order.  Indeed, Pilgrim's proposed Protective Order will fully and effectively protect all the parties' confidential and proprietary information and trade secrets (as well as third-parties' information) and includes mechanisms for preventing over-designations or abuse.  Moreover, as the experience in *M&M Poultry, Inc.* shows, Pilgrim's proposed Protective Order works well, appropriately balances the parties' needs for privacy while recognizing the public's interest in an open court house, and promotes the quick and efficient production of materials during discovery.

11. Finally, in light of GAP's and its attorney's admitted interests in disseminating information, Ms. Hitt's unsupported and reckless public assertions during a podcast about this lawsuit, Plaintiffs' allegations pleaded in the Complaint that are contradicted by evidence affixed to the Motion to Dismiss (*compare* ECF 1 at ¶¶ 18, 66 & 67 *with* ECF 19-2, 19-3, & 19-4), and the untimely filing of Plaintiffs' claims (*see generally* ECF 19-5 at pp. 12-13 and 27 at pp. 11-14),

there is good reason to believe that this case has less to do with the merits, and more to do with GAP's desire to gin-up publicity and to disseminate misinformation in an effort to harm Pilgrim's because of GAP's agenda.  Thus, the Court should enter Pilgrim's proposed Protective Order.

WHEREFORE, for all these reasons, Pilgrim's requests the Court to enter Pilgrim's proposed Protective Order attached hereto as Exhibit A, deny Plaintiffs' Motion to Enter Protective Order (ECF 29), and for such other and further relief that Pilgrim's may be entitled at law and/or equity.

Dated:  March 28, 2019.

Respectfully submitted,

/s/ *Peter G. Zurbuch*
Peter G. Zurbuch
WV State Bar # 5765
BUSCH, ZURBUCH & THOMPSON, PLLC
P.O. Box 1819
Elkins, WV 26241
Tel: (304) 636-3560
Fax: (304) 636-2290
Email: pzurbuch@bztlaw.com

—And—

Clayton E. Bailey
(Admitted *Pro Hac Vice*)
Benjamin L. Stewart
(Admitted *Pro Hac Vice*)
BAILEY BRAUER PLLC
Campbell Centre I
8350 N. Central Expressway, Suite 206
Dallas, Texas 75206
Tel: (214) 360-7433
Fax: (214) 360-7435
Email: cbailey@baileybrauer.com
            bstewart@baileybrauer.com

**ATTORNEYS FOR DEFENDANT**
**PILGRIM'S PRIDE CORPORATION**

11

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with LR Gen P 5.06(b) on March 28, 2019. As such, this document was served on all counsel of record who are deemed to have consented to electronic service as follows:

Jack A. Kolar, Esq.  
Karen J. Gray, Esq.  
Amanda Hitt, Esq.  
Government Accountability Project, Inc.  
1612 K Street, NW  
Suite 1100  
Washington, D.C. 20006  

J. Dudley Butler, Esq.  
Butler Farm & Ranch Law Group, PLLC  
499-A Breakwater Drive  
Benton, MS 39039  

Keith Lively, Esq.  
Doyle, Barlow & Mazard PLLC  
1010 Temple Street  
Hinton, WV 25951  

*/s/ Peter G. Zurbuch*